JAN I. GOLDSMITH, City Attorney
DANIEL BAMBERG, Senior Deputy (SBN 60499)
R. CLAYTON WELCH, Deputy (SBN 147484)
Office of the City Attorney
Civil Division
1200 Third Avenue, Suite 1100
San Diego, CA 92101-4184
Tel: (619) 533-5800

GARY E. SLATER (SBN 99141)
TIMOTHY J. TRUXAW (SBN 106428)
SLATER & TRUXAW, LLP
15373 Innovation Drive, Suite 210
San Diego, CA 92128-3425
(858) 675-0755   Fax (858) 675-0733

Attorneys for CITY OF SAN DIEGO

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**WAVE HOUSE BELMONT PARK, LLC,**<br><br>　　　　Debtor.<br><br>――――――――――――――――<br>**WAVE HOUSE BELMONT PARK, LLC**<br><br>　　　　Plaintiff,<br><br>v.<br><br>**THE CITY OF SAN DIEGO, and DOES 1-10,**<br><br>　　　　Defendants. | Case No. **10-19663-LT11**<br><br>**Adv. Proc. No. 10-90553-LT11**<br><br>**STATUS REPORT FROM CITY OF SAN DIEGO RE MOTION FOR EXTENSION OF AUTOMATIC STAY PROVIDED BY U. S. D. SECTION 362 TO THIRD PARTY EAST WEST BANK**<br><br>Date: June 9, 2011<br>Time: 11:30 a.m.<br>Dept: Three (3) Rm. 129<br>Judge: Hon. Laura S. Taylor |

The CITY OF SAN DIEGO ("City") hereby submits its Status Report captioned above, as follows:

## I

## INTRODUCTION

The City is the debtor's commercial landlord. No rent has been paid to the City since June, 2010. The debtor owes rent in the sum of $395,391.69 for the period of June 25, 2010 through March 30, 2011. The Debtor has paid no administrative rent while this case has been

-1-

pending.

East West Bank ("the Bank") has a $16.5 million trust deed lien against the debtor's lease with the City. The Debtor is in default upon the loan to the Bank since February 1, 2011, at least in the sum of $551,626.70 (which represents five payments in the sum of $110,325.34).

The debtor, the Bank and the City engaged in global settlement negotiations amongst the parties, including three (3) days of mediation on January 24, 25 and February 23, 2011, with the Honorable Mitchel Goldberg. The parties continued to negotiate without the assistance of the mediator, to no avail. Those settlement negotiations failed to result in an agreement.

On or about May 26, 2010, the debtor chose to close the Plunge swimming pool at Wave House Belmont Park.[1]

All of the matters described below were the subject of a Status Conference conducted by this Court on April 29, 2011, at 11:00 a. m. (hereafter "April 29th Hearing"). The City's position on those matters is as follows:

## II

## PROCEDURAL STATUS OF ADVERSARY PROCEEDING

1. On November 18, 2010, Debtor filed its Complaint for Declaratory Relief and Injunctive Relief ("Adversarial Matter"). Also on November 18, 2010, Debtor filed an Emergency Motion for Extension of Automatic Stay Provided by U.S.C. §362 to Third Party East West Bank ("Injunction Motion").

2. Basically, all litigation deadlines had been stayed by agreement of the parties to pursue settlement. As a result, the following deadlines need to be established at the Status Conference on June 9, 2011, as follows:

    A.    <u>Answer/Injunction Motion.</u>    The deadline for the City of San Diego to

---

[1] The Debtor contends the Plunge is unsafe. Neither the City nor the Bank knows if that is true or not. However, the City knows that the Debtor has failed to properly repair and maintain the Plunge since the Debtor took it over in the year 2000.

1  file and serve an answer or other response to the Adversarial Matter and a response to the
2  Injunction Motion, and the preliminary injunction itself, as well as any replies by the Debtor or
3  the Bank, should be scheduled, as the Court deems appropriate; and

4         B.   <u>Discovery</u>.   The deadline for the parties to file a Certificate of
5  Compliance with Early Conference of Counsel in the Adversarial Matter should be scheduled,
6  if necessary, as the Court deems appropriate.

### III.

### THE CITY REQUESTS TERMINATION OF THE EXTENSION OF THE AUTOMATIC STAY

The time has come for the extension of the automatic stay to be terminated.  Debtor has 1) not maintained its administrative rent obligations, 2) has allowed the Plunge to deteriorate and be closed to the public and 3) Debtor is in serious default upon its monetary obligations to its principal secured creditor, the Bank.  There is little legal or equitable reason for the automatic stay to remain in place, as will be argued at the final hearing on this matter..

Dated: June 2, 2011          Respectfully submitted,

**CITY OF SAN DIEGO**


By: */s/ Daniel Bamberg*
    JAN I. GOLDSMITH, City Attorney
    DANIEL BAMBERG, Senior Deputy
    R. CLAYTON WELCH, Deputy

Dated: June 2, 2011          **SLATER & TRUXAW, LLP**


By: */s/ Gary E. Slater*
    GARY E. SLATER
    Attorneys for CITY OF SAN DIEGO